UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICKY JAMES NICHOLOPAULES,

        Petitioner,

  - against -

DUKE TERRELL, Warden

        Respondent.
------------------------------------------------------------X

**ORDER**
11-CV-1916 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On April 14, 2011, Petitioner Ricky James Nicholopaules,[1] currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York and proceeding *pro se*, filed the captioned petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the following reasons, petitioner is given **twenty one (21) days from the date of this order** to consent to the transfer of his petition to the Western District of New York. Otherwise, this Court will dismiss the petition for lack of jurisdiction.

## BACKGROUND

On June 10, 1999, petitioner was sentenced in New York State Supreme Court, Erie County, to 25 years to life for the sale of cocaine. (Resp't Letter (Doc. No. 6) at 2.) Petitioner was sentenced on two other counts to lesser concurrent terms. (Pet. (Doc. No. 1) at 3.) In March of 2008, following revisions to the Rockefeller Drug Laws, petitioner was resentenced to concurrent determinate terms of fifteen, fourteen, and twelve years, with five years post release supervision. (*Id.*)

---

[1] The spelling of "Nicholopaules" varies across filings and court decisions relevant to this case. For purposes of this order, this Court will use the spelling "Nicholopaules" consistent with the petition. Where a filing or another court's decision is quoted or cited, the spelling from that document will be used.

On August 23, 2002, the United States District Court for the Western District of New York convicted Nicholopaules by guilty plea of the unlawful use of a communication facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b). *See United States v. Nicholopolous*, 129 F. App'x 666, 666 (2d Cir. 2005). Despite argument by Nicholopaules' attorney that his federal sentence should run concurrent with his state sentence, the district court sentenced him to forty-eight months *consecutive* to the state court sentence, plus one year post release supervision. (Resp't Letter at 3–4.) Although Nicholopaules' plea agreement waived his right to appeal or collaterally attack his federal sentence, (Plea Agr't (Doc. No. 6-1) at 6–7 ¶15), Nicholopaules appealed his federal conviction to the Second Circuit, arguing that the District Court erred in accepting his plea. *Nicholopolous*, 129 F. App'x at 666. In a summary order of May 5, 2005, the Second Circuit affirmed his conviction. *Id.* at 667.

On November 30, 2009, Nicholopaules was released from state custody and began serving his federal sentence. (Resp't Letter at 4.)

## DISCUSSION

Nicholopaules asks for relief under 28 U.S.C. § 2241, contending that the district court erred by failing to impose his federal sentence *concurrent* with his state prison term, under his interpretation of the United States Sentencing Guidelines ("U.S.S.G.") 5G1.3(b). (Pet. Mot. at 2.)

28 U.S.C. § 2241 is generally used to challenge the "*execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original). In contrast, § 2255 allows a federal prisoner to raise a challenge to the *imposition* of his sentence. *See id.* at 146–47. A claim challenging a sentencing court's application of U.S.S.G. 5G1.3(b) is thus "more appropriately resolved by the sentencing court pursuant to a motion under 28 U.S.C.

§ 2255 rather than this district court pursuant to a petition under § 2241." *Dixon v. Terrell*, No. 10-CV-5262(KAM), 2011 WL 4543712, at *11 (E.D.N.Y. Sept. 29, 2011) (citing *Jackson v. Killian*, No. 08-CV-4386(SAS), 2009 WL 1835004, at *3 (S.D.N.Y. June 23, 2004)); see *Bygrave v. Menifee*, No. 94-CR-6006T, 2005 WL 643455, at *1 (W.D.N.Y. Mar. 14, 2005).

Nicholopaules' petition thus should have been brought as a motion under §2255 in the court that imposed his sentence; accordingly, this Court lacks jurisdiction to hear his claim. *See Ndoromo v. Holder*, No. 09 Civ. 5686(BMC), 2010 WL 346684, at *1 (E.D.N.Y. Jan. 20, 2010).[2]

Pursuant to *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam), this Court will not automatically convert the petition to a motion under § 2255, because such conversion could affect petitioner's right to bring a future petition under § 2255. Accordingly, petitioner must advise this Court within **twenty one (21) days** of this order whether he consents to the conversion of his petition and its transfer to the Western District of New York, where he was sentenced. If petitioner does not respond within the specified time, his petition will be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of Court shall mail a copy of this Order to Petitioner, and note such mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       August 13, 2012

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] Nicholopaules does not argue that he is eligible for § 2255's "savings clause," which allows a prisoner to challenge his sentence via a § 2241 petition if a § 2255 motion would be "inadequate and ineffective" to challenge the legality of his detention, *Jiminian*, 245 F.3d at 148, and if, in addition, "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). However, because such an argument would arise under § 2255, any determination of the applicability of this clause—in view of Nicholopaules' appeal waiver or otherwise—should likewise be made by the Court which convicted and sentenced him. *Bellomo v. United States*, 297 F. Supp. 2d 494, 502–03 (E.D.N.Y. 2003).